1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10 | W. A. SOKOLOWSKI,                                    )
                                                                      )
11 |                    Plaintiff,                              )        Case No. 2:14-cv-0111-JCM-NJK
                                                                      )
12 | vs.                                                         )        **ORDER**
                                                                      )
13 | SHELDON G. ADELSON, et al.,                    )
                                                                      )
14 |                    Defendants.                          )
                                                                      )

15

16        Before the Court is Plaintiff's Renewed Motion to Expedite Discovery Proceedings, Docket

17  No. 56.  The Court finds this matter properly resolved without a hearing.  *See* Local Rule 78-2.  For

18  the reasons discussed below, Plaintiff's motion is DENIED.

19  **I.        FACTUAL BACKGROUND**

20        Plaintiff is a common stock holder of Las Vegas Sands Corporation ("LVS").  *See* Compl.,

21  Docket No. 1, at 5.  LVS is a Nevada corporation controlled by its Board of Directors ("Board") and

22  led by its Chief Executive Officer, Sheldon Adelson.  *Id. at 2.*  Adelson and each member of the

23  LVS Board have been named as defendants herein.  *Id.*  According to Plaintiff, "LVS and its

24  subsidiaries have been the subject of long-running investigations by the United States Department of

25  Justice ("DOJ"), the Securities and Exchange Commission ("SEC") and various regulatory bodies in

26  the United States and China."  Docket No. 9, at 5.  These investigations, Plaintiff alleges, have not

27  been resolved by LVS due to a conflict of interest of LVS' counsel.  *Id.* at 6.  Plaintiff specifically

28  asserts that LVS' legal counsel are seeking to "protect Defendant Adelson, a principal target of the

1   investigations, from personal liability and sanctions, which may also include his being barred from

2   continuing to serve as Chief Executive Officer of [LVS]." *Id.*

3        Plaintiff filed his complaint on January 23, 2014, seeking the appointment of a Conservator

4   or Special Master to the LVS.  Docket No. 1, at 54; *see also* Docket No. 9, at 8.[1]  On January 24,

5   2014, the day after initiating this action, Plaintiff filed an *ex parte* motion seeking expedited

6   discovery pursuant to Federal Rule of Civil Procedure 26(f).  Plaintiff asserted that the discovery was

7   necessary to support his anticipated motion for preliminary injunction seeking the appointment of a

8   Conservator or Special Master.  *Id.*  Plaintiff argued that this discovery would demonstrate to the

9   Court why the ongoing negotiations with the DOJ and SEC are laden with conflicts that cannot be

10  reconciled without, at a minimum, substantial independent oversight.  *Id.* at 9.

11       On January 30, 2014, upon finding that good cause had not been demonstrated that would

12  justify the expedited timeline and broad discovery sought by Plaintiff, the Court denied Plaintiff's *ex*

13  *parte* motion without prejudice.  *See* Docket No. 11.  Shortly thereafter, on February 13, 2014, LVS

14  filed its Motion to Dismiss Plaintiff's Verified Shareholder Derivative Complaint.  Docket No. 14.

15  In addition, Defendant Frederick Hipwell filed a Motion to Dismiss Verified Shareholder Derivative

16  Complaint on February 28, 2014.  Docket No. 21.  Both Motions to Dismiss remain pending before

17  the Court.  Plaintiff filed the instant Motion on April 1, 2014, offering various arguments in support

18  of his contention that the Court allow him to seek expedited discovery at this stage of the

19  proceedings.  *See* Docket No. 56.

20  ///

21  ///

22  ///

23

24  [1]

        The Complaint requests that a Conservator or Special Master be appointed to "oversee and direct
25  (1) [LVS'] negotiations with the DOJ and the SEC with respect to the wrongdoing alleged herein; and
        (2) to act in place of LVS' Board in connection with [LVS'] response to this litigation or any other
26  pending shareholder derivative litigation in which one or more of the Individual Defendants herein is
        named as defendant."  *Id.*
27

28                                                    2

## II.   ANALYSIS

Counts I and II of Plaintiff's Complaint are brought pursuant to Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) ("Exchange Act").  *See* Docket No. 1, at 49-51. The Private Securities Litigation Reform Act ("PSLRA") provides, in relevant part: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).[2]  The pendency of a motion to dismiss is an important trigger, insofar as this provision "clearly contemplates" that discovery should be permitted only after the court has sustained the legal sufficiency of the complaint.  *SG Cowen Sec. Corp. v. District Court*, 189 F.3d 909, 912 (9th Cir. 1999) (legislative citations omitted).[3]

Plaintiff, as the party seeking expedited discovery, bears the burden of demonstrating that the mandatory stay imposed by the PSLRA should be lifted.  *See, e.g.*, *Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 592 (S.D. Tex. 2011).  Plaintiff does not dispute that motions to dismiss are pending before this Court, nor does Plaintiff assert that preservation of evidence is at issue such that the PSLRA should not apply.  Instead, Plaintiff offers two arguments in support of his

---

[2]

Noting that his claims are not brought on behalf of a class, Plaintiff reasons that "there is no practical need for a stay as there would be in a Rule 23 class action[.]"  Docket No. 56, at 24.  On its face, however, the PSLRA applies to "any private action," not just class actions.  See *In re Marvell Tech. Group, Ltd. Deriv. Litig.*, 2007 WL 1545194, at *2 (N.D. Cal. May 29, 2007) (ruling that the discovery stay imposed by the PSLRA applies to "any private action" arising under the Exchange Act, not just class actions).

[3]

The Ninth Circuit, in *SG Cowen,* clarified that the purpose of the Act was to restrict abuses in securities litigation, "including: (1) the practice of filing lawsuits against issuers of securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of "deep pocket" defendants; (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys."  *Id.* at 911 (*quoting In re Advanta Corp. Secs. Litig.*, 180 F.3d 525, 530–31 (3d Cir. 1999)).

3

1    contention that the PSLRA should not operate to stay discovery at this stage of the proceedings.

2    First, Plaintiff argues that the "automatic discovery stay of the [PSLRA] ... does not apply to

3    situations where, as here, the imposition of a stay would result in 'undue prejudice.'" Docket No.

4    56, at 20.  Second, Plaintiff asserts that the PSLRA "only applies to federal securities claims." *Id.* at

5    22.  The Court addresses each contention in turn.

6            A.      Undue Prejudice

7            Plaintiff asserts that irreparable harm would result to LVS and its shareholders if LVS

8    continues to be represented by legal counsel under the direction of LVS' General Counsel, and if

9    "seriously conflicted counsel were to negotiate a settlement of the ... claims being pursued by the

10   DOJ and SEC solely with Sands' cash." Docket No. 56, at 20-21.  Plaintiff reasons that LVS would

11   suffer undue prejudice if "discovery responses are due in the ordinary course," insofar as the

12   "Individual Defendants are likely [*sic*] have taken actions prejudicial to the Company's interests and

13   those of its shareholders." *Id.* at 18.  As discussed, *supra*, Plaintiff's "ultimate relief" is to seek the

14   appointment of a Special Master to direct, *inter alia*, LVS' negotiation and litigation efforts. *Id.* at 8.

15   Plaintiff makes no secret of the fact that he needs discovery in order to "amplify the record and

16   further strengthen" his contention that a Special Master should be appointed by this Court. *Id.* at 10.

17           Plaintiff's strategy is at odds with the clear legislative intent of the PSLRA. *See Medhekar v.*

18   *U.S. Dist. Court for the Northern Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress

19   clearly intended that complaints in these securities actions should stand or fall based on the actual

20   knowledge of the plaintiffs rather than information produced by the defendants after the action has

21   been filed.") (legislative citations omitted).  Notwithstanding Plaintiff's citation to out-of-Circuit

22   cases, all of which are distinguishable in either fact or law, the Court finds the Ninth Circuit's

23   decisions in *SG Cowen* and *Medhekar* controlling in this matter. *See SG Cowen*, 189 F.3d 909

24   (granting *mandamus* relief to enforce the PSLRA as against Plaintiffs seeking discovery during the

25   pendency of a motion to dismiss); *Medhekar*, 99 F.3d 325 (enforcing PSLRA discovery stay by

26   *mandamus*).

27

28                                                    4

1    Plaintiff submits no controlling authority for the proposition that he should be allowed, in an

2 action brought under the Exchange Act, to conduct discovery while motions to dismiss are pending

3 in order to "amplify" his chances of succeeding in a yet-to-be filed motion for preliminary

4 injunction.  The Court therefore declines to carve out an exception to the discovery stay imposed by

5 the PSLRA on the basis of undue prejudice to Plaintiff, especially where, as here, Plaintiff's

6 discovery gambit has been expressly disavowed by the Ninth Circuit.

7    B.    Application of the PSLRA

8    Plaintiff next argues that the PSLRA does not operate to stay discovery because, in addition

9 to Plaintiff's Exchange Act claims, Plaintiff also alleges state law causes of action.  *See* Docket No.

10 1, at 51-56.  Plaintiff's position, however, is at odds with the plain language of the statute: "In any

11 private action arising under [the Exchange Act], all discovery and other proceedings shall be stayed

12 during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B); *see also In re*

13 *Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) ("[T]he plain

14 language of the stay provision clearly encompasses any action that asserts claims under the 1934

15 Securities Exchange Act.") (*citing In re Marvell Tech. Group*, 2007 WL 1545194).

16    Accordingly, the Court is not persuaded that the presence of state law claims in Plaintiff's

17 Complaint – the central allegations of which arise under the Exchange Act – renders moot the

18 discovery prohibitions of the PSLRA.

19 **III.    CONCLUSION**

20    For the reasons discussed above, Plaintiff's Renewed Motion to Expedite Discovery

21 Proceedings is hereby **DENIED**.

22    IT IS SO ORDERED.

23    DATED: May 2, 2014

24

25

26    _____
      NANCY J. KOPPE
      United States Magistrate Judge

27

28    5