1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| W. A. SOKOLOWSKI, | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-0111-JCM-NJK |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SHELDON G. ADELSON, et al., | ) | |
| Defendants. | ) | |
| | ) | |

15       Before the Court is Plaintiff's Motion for Extension of Time to Complete Service and for

16   Leave to Complete Service by Publication.  Docket No. 93.  The Court finds this matter properly

17   resolved without a hearing.  *See* Local Rule 78-2.  For the reasons discussed below, the Motion for

18   Extension of Time to Complete Service is hereby **GRANTED**.  For the reasons discussed below, the

19   Motion for Leave to Complete Service by Publication is hereby **GRANTED** in part and **DENIED**

20   without prejudice in part.

21   **I.      BACKGROUND**

22       Plaintiff filed his Complaint in this Court on January 23, 2014.  Docket No. 1.  Plaintiff

23   initially sent waivers of service to each of the individual named Defendants, which were not

24   returned.[1]  Docket No. 93, at 4.  Some months later, Plaintiff succeeded in effectuating service as

25

26   _____

    [1]

27       Defendant Frederick Hipwell and LVS each appeared and filed respective motions to dismiss.
    Docket Nos. 14, 21.  While a moot point, it is unclear from Plaintiff's Motion whether these two
28   Defendants returned Plaintiff's proffered waiver of service.

1   against Defendants Leven, Chaltiel, Chafetz, Forman, Ader, and Koppelman.  Docket Nos. 79, 80,

2   81 82, 87, 88.  Conversely, Plaintiff submits that he has been unsuccessful in his attempts to serve

3   Defendants George P. Koo, Jeffrey H. Schwartz, Irwin A. Siegel, and Adelson.  Docket Nos. 85, 86,

4   90, and 93, at 4.

5        Plaintiff represents that his initial attempt to serve Adelson at the Venetian Hotel was

6   rebuffed by the legal staff at the hotel, which refused to accept service.[2]  Docket No. 93, at 5.  He

7   states that his follow-up attempt to serve Adelson at a speaking engagement at the hotel was

8   similarly unsuccessful, as Plaintiff's process server was ordered off the premises by hotel security.

9   *Id*., at 6.  With respect to Defendants Koo, Schwartz, and Siegel, Plaintiff submits that his attempts

10   to serve each of these individuals at their respective residential addresses were not successful.  *Id*.;

11   *see also* Docket No. 94.

12   **II.**    **DISCUSSION**

13       **A.**   <u>**Extending Service Period**</u>

14        Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served

15   within 120 days after a complaint is filed.  Fed. R. Civ. P. 4(m).[3]  The rule also provides that if

16   service is not timely made, the Court "must dismiss the action without prejudice against that

17   defendant or order that service be made within a specified time....If the plaintiff shows good cause

18   for the failure, the court must extend the time for service for an appropriate period."  *Id*.  "As a

19   general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel,

20   or ignorance of the Rules of Civil Procedure."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*

21   *Monroe*, 2011 WL 383807, *1 (D. Nev. Feb. 2, 2011); *citing e.g., Martin v. Longbeach*, 246 F.3d

22   674 (9th Cir. 2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992) (overruled on other grounds by

23   *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).  "At a minimum, good cause

24

25   ──────────────

       [2]

26       The Venetian Hotel is the physical address for LVS.  Docket No. 93, at 5.

27       [3]

28       Absent a Court-granted extension, Plaintiff was required to have completed service on all
   defendants by May 23, 2014, the filing date of the instant motion.

means excusable neglect." *Martin*, 246 F.3d at 674.

Here, Plaintiff has diligently attempted to serve Defendant Adelson at his place of business. Plaintiff has also undertaken good-faith efforts to serve Defendants Koo, Schwartz, and Siegel at their last-known addresses.  Docket No. 93, at 5; Docket No. 94.  Though Plaintiff has been unable to complete service of these four individuals, Plaintiff "requests that he be granted a 60-day extension to continue his service efforts by traditional means."  Docket No. 93, at 7.  Plaintiff notes that each of the remaining non-served Defendants are either current directors or have an ongoing business relationship with LVS, such that they are almost certainly aware of Plaintiff's lawsuit. *Id.*, at 8.  Defendants will accordingly not be prejudiced by a minimal extension of time.  Moreover, Plaintiff has successfully completed service of six other individuals who previously did not return Plaintiff's proffered waivers of service, such that the Court is persuaded that Plaintiff should be given the opportunity to serve the remaining four individuals identified in his Complaint.  Therefore, the Court finds that good cause exists to extend the time for service as to Defendants Adelson, Koo, Schwartz, and Siegel.  In light of the foregoing facts and Plaintiff's efforts to serve these Defendants, the Court grants Plaintiff's request for an additional sixty (60) days to complete service.

## B.   Service by Publication

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected."  *Id.*  In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. *Nat'l Union Fire,* 2011 WL 383807, at *2.  Parties are required to personally serve a summons and the complaint upon defendants.  *Id.*  When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may move for service by publication where the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."  *Id.*

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant.  There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service."  *Id.*

3

1    Nevada courts consider the number of attempts made by a plaintiff to serve a defendant at his or her

2    residence and other methods of locating defendants, such as consulting public directories and family

3    members. *Id.*; *citing Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *rev'd on other grounds*, *NC-*

4    *DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3 (2009); *Abreu v. Gilmer*, 985 P.2d 746 (Nev. 1999);

5    *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).  The basic rule is that all reasonable means of

6    locating and serving the defendant should be employed.  *See Price*, 787 P.2d at 787.  In *Abreu v.*

7    *Gilmer*, the Nevada Supreme Court clarified the due diligence inquiry, stating:

8            Despite our previous decisions on this issue, we note that there is no objective, formulaic
             standard for determining what is, or is not, due diligence. The due diligence requirement
9            is not quantifiable by reference to the number of service attempts or inquiries into public
             records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff
10           seeking to locate and serve a specific defendant. As the Utah Supreme Court recognized:

11           "The diligence to be pursued and shown . . . is that which is reasonable under the
             circumstances and not all possible diligence which may be conceived. Nor is it that
12           diligence which stops just short of the place where if it were continued might reasonably
             be expected to uncover an address . . . of the person on whom service is sought. . . . Due
13           diligence must be tailored to fit the circumstances of each case. It is that diligence which
             is appropriate to accomplish the end sought and which is reasonably calculated to do so."
14

15   *Abreu*, 985 P.2d at 749 (*quoting Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950)).

16           Here, Plaintiff has attempted to serve Defendant Adelson at his place of business on only two

17   occasions, and offers no evidence of service attempts elsewhere.  Docket No. 94, at 3, 6-9.

18   Additionally, Plaintiff has made four attempts to serve Defendant Schwartz at his last-known

19   address; however, Defendant did not appear to be at the residence on any of these occasions.  *Id.*, at

20   3-4, 25-31.  Plaintiff has attempted to serve Defendant Koo at his last-known address on only one

21   occasion, and was informed that Defendant no longer lives at that address.  *Id.*, at 3, 17-23.

22           Plaintiff has attempted to serve Defendant Siegel at his last-known residence on four

23   occasions.  *Id.*, at 3, 11-15.  Plaintiff states that his process server confirmed Defendant lived in the

24   secured building at that address; Defendant refused to allow Plaintiff's process server access to his

25   unit; and Defendant refused to come to the lobby.  *Id.*, at 15.

26           While it is apparent that Plaintiff has made a good faith effort to serve the remaining

27   Defendants, the showing of due diligence required by Nevada law for service by publication has not

28   been met given the failure of Plaintiff to attempt service on Defendants Adelson, Koo, and Schwarz

                                                          4

using other "reasonable means of locating and serving" these Defendants.  *Abreu*, 985 P.2d at 749; Docket No. 93, at 5-6; Docket No. 94.

**III.    CONCLUSION**

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Complete Service is **GRANTED**.  Plaintiff's Motion for Leave to Complete Service by Publication is hereby **GRANTED** in part and **DENIED** without prejudice in part.  The Court grants Plaintiff's motion as to Defendant Siegel, and **DENIES** without prejudice Plaintiff's motion as to Defendants Adelson, Koo, and Schwarz.

DATED: May 28, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge