UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| W. A. SOKOLOWSKI, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-0111-JCM-NJK |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SHELDON G. ADELSON, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is the parties' Joint Motion to Clarify Deadline to File Discovery Plan/Scheduling Order. Docket No. 101.

Plaintiff filed his complaint on January 23, 2014. Docket No. 1, at 54. Counts I and II of Plaintiff's Complaint are brought pursuant to Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) ("Exchange Act"). Docket No. 1, at 49-51. On February 13, 2014, Defendant Las Vegas Sands filed a motion to dismiss. Docket No. 14. Defendant Frederick Hipwell filed a motion to dismiss on February 28, 2014. Docket No. 21. On May 9, 2014, Defendants Jason N. Ader, Irwin Chafetz, Victor Chaltiel, Charles D. Forman, Charles A Koppelman, and Michael A. Leven filed a motion to dismiss. Docket No. 83. All three motions to dismiss remain pending before the Court.

On May 2, 2014, the Court denied Plaintiff's motion for expedited discovery, on the ground that the Private Securities Litigation Reform Act (PSLRA) imposes a mandatory stay of discovery where,

//

//

as here, motions to dismiss remain pending before the Court.[1] *See* Docket No. 78. In the instant motion, the parties "seek clarification from the Court that, in light of the Court's Order [of May 2, 2014] and pursuant to the PSLRA, they are not required to file a Discovery Plan/Scheduling Order until further order of the Court after the resolution of the pending motions to dismiss." Docket No. 101, at 2. The parties brought their motion after observing that "the Court's CM/ECF system automatically entered three deadlines into the docket[, including] a <u>Discovery Plan/Scheduling Order deadline of June 23, 2014</u>." *Id*. (emphasis supplied).

      Motions to dismiss remain pending before the Court. As described in the Court's Order of May 2, 2014, the mandatory provisions of the PSLRA's stay of discovery are thus in effect. *See* Docket No. 78. Accordingly, no discovery filings are required or authorized, as discovery in this matter is stayed. *See, e.g.*, *Aparicio v. McDaniel*, 2010 WL 147886, *2 (D. Nev. Jan. 11, 2010) (orders of the court "override" any deadlines reflected on the electronic docket). The Court therefore denies the parties' motion to clarify as moot.

      DATED: June 23, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The PSLRA provides, in relevant part: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).