**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| W. A. SOKOLOWSKI, <br><br> Plaintiff(s), <br><br> vs. <br><br> SHELDON G. ADELSON, et al., <br><br> Defendant(s). | Case No. 2:14-cv-00111-JCM-NJK <br><br> ORDER <br><br> (Docket Nos. 177, 181) |

Pending before the Court are Plaintiff's motions for substitution of party pursuant to Fed. R. Civ. P. 25. Docket Nos. 177, 181. In Plaintiff's first motion, Plaintiff requests the Court to substitute the Estate of Victor Cahltiel for Defendant Victor Cahltiel. Docket No. 177. Defendants filed an opposition and Plaintiff filed a reply. Docket Nos. 178, 180. In Plaintiff's second motion, Plaintiff requests the Court to substitute the Estate of Jeffrey H. Schwartz for Defendant Jeffrey H. Schwartz. Docket No. 181.

Federal Rule of Civil Procedure 25(a)(1) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As United States District Judge James C. Mahan laid out in *Dummar v. Lummis*, two affirmative steps are required to trigger the 90-day limitation period for substitution under Rule 25(a). *Dummar v. Lummis*, 2007 WL 4623623, at *3 (D. Nev. Dec. 26, 2007) (citing *Barlow v.*

1  *Ground*, 39 F.3d 231, 233 (9th Cir.1994)).  First, a party must formally suggest the death of the party
2  on the record.  *Id.*, at *3 (citing Fed. R. Civ. P. 25(a)(1); *Barlow*, 39 F.3d at 233).  Additionally, "[t]o
3  be valid and trigger the 90-day limitation period for filing a motion for substitution, a suggestion of
4  death must identify the successor or representative who may be substituted for the decedent." *Id.*,
5  at *3 (citing *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y.1993); *Kessler v. Se. Permanente Med.*
6  *Group of N.C., P.A.*, 165 F.R.D. 54, 56 (E.D.N.C.1995); *Rende v. Kay*, 415 F.2d 983, 985
7  (D.C.Cir.1969)).  Second, the suggesting party must serve other parties and nonparty successors or
8  representatives of the deceased in the same manner required for service of the motion to substitute.
9  *Dummar*, 2007 WL 4623623, at *3 (citing Fed. R. Civ. P. 25(a)(1); *Barlow*, 39 F.3d at 233).

10  It appears that Plaintiff disputes whether the formal suggestions of death were valid to trigger
11  the 90-day limitation, but fails to address the above standards.  *See* Docket Nos. 147, 159.
12  Accordingly, Plaintiff's motions for substitution of party pursuant to Fed. R. Civ. P. 25 (Docket Nos.
13  177, 181) are **DENIED** without prejudice.

14  IT IS SO ORDERED.
15  DATED: March 3, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge