UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| W.A. SOKOLOWSKI, individually and on Behalf of LAS VEGAS SANDS CORP., <br><br> Plaintiff(s), <br><br> v. <br><br> SHELDON G. ADELSON, et al., <br><br> Defendant(s). | Case No. 2:14-CV-111 JCM (NJK) <br><br> ORDER |

Presently before the court is defendants' Jason Ader, Irwin Chafetz, Victor Chaltiel, Charles Forman, Charles Koppelman, Michael Leven, Irwin Siegel's ("individual defendants") motion to dismiss plaintiff's amended derivative complaint. (Doc. # 131). Defendants George Koo and Sheldon Adelson joined the individual defendants' motion. (Docs. # 162, 165). Plaintiff W.A. Sokolowski filed responses to defendants' motion to dismiss (doc. # 152), and to Sheldon Adelson's joinder (doc. # 168). The individual defendants filed a reply. (Doc. # 158). Defendant Adelson filed a separate reply. (Doc. # 172)

Also before the court is nominal defendant Las Vegas Sands Corp.'s ("Sands") motion to dismiss. (Docs. # 132, 135).[1] Plaintiff filed a response (doc. # 151) and Sands filed corresponding replies. (Doc. # 160).

Finally before the court is defendant Frederick Hipwell's motion to dismiss. (Doc. # 143). Plaintiff filed a response (doc. # 153), and Hipwell filed a reply (doc. # 157).

---

[1] Doc. # 135 is the amended version of doc. # 132. Accordingly, the court will dismiss Las Vegas Sands Corporation's original motion to dismiss, doc. # 132, as moot.

**James C. Mahan**
**U.S. District Judge**

**I.     Background**

This is a shareholder derivative suit, and it has many moving parts. Plaintiff W.A. Sokolowski filed suit against Las Vegas Sands Corporation and several of its board members in this court on January 3, 2014. (Doc. # 1). The various defendants moved to dismiss. Defendants asserted that plaintiff did not satisfy the pleading standard under Rule 23.1 because he made no mention of the date he acquired the stock in Sands, and therefore, did not establish his standing to bring a shareholder derivative suit. (Docs. # 14, 21).

This court granted defendants' motions to dismiss, but allowed plaintiff to amend his complaint to include specific facts regarding if and when he acquired stock in Sands. (Doc. # 119). Plaintiff filed an amended complaint on August 29, 2014. (Doc. # 124).

Defendants now move to dismiss plaintiff's amended complaint.[2] Las Vegas Sands Corporation is a nominal defendant and plaintiff asserts claims against the individual board members only. (Doc. # 124 at 3). Plaintiff opposes defendant Adelson's joinder of the motion to dismiss (doc. # 168), but this court sees no reason why defendant Adelson (who is president of the Sands board) cannot join the motion to dismiss plaintiff's claims against his fellow board members.

Plaintiff alleges: (1) violations of Section 14(a) of the Securities Exchange Act of 1934; (2) breach of fiduciary duty and waste of corporate assets; (3) unjust enrichment; (4) breach of the duty of candor; (5) breach of the duty of loyalty; (6) negligence; and (7) unjust enrichment against defendants Sheldon Adelson, Jason Ader, Irwin Chafetz, Victor Chaltiel (now deceased), Charles Forman, Charles Koppelman, Michael Leven, Jeffrey Schwartz, and Irwin Siegel – all of whom are current or past members of the Sands' board of directors. (Doc. # 124 at 72-79). Plaintiff also alleges breach of contract against defendant Frederick Hipwell, a partner at PricewaterhouseCoopers, LLP ("PWC"). *Id.* at 77-78.

These claims arise out of allegations that defendants: (1) "historically misrepresented Sands' internal controls in order to allow a widespread scheme of overseas bribery, kickbacks, money laundering and other wrongful behavior"; (2) initiated a pretextual investigation "to protect

---

[2] Defendants Sands and Hipwell filed requests for judicial notice. (Docs. # 136, 137, 144). However, the sources cited by Sands and Hipwell are not relevant to the court's determination here. Accordingly, their requests for judicial notice will be denied.

[d]efendant Adelson and the [i]ndividual [d]efendants from personal liability"; (3) deluded investors; (4) violated the Bank Secrecy Act and the Foreign Corrupt Practices Act; (5) "[c]onceale[d] material facts with respect to purported audits"; (6) misused assets; (7) released "false and misleading" proxy statements; (8) allowed the use of "Sands' corporate assets to further the political interests of the [c]ompany's largest shareholders"; (9) abandoned an investment in a spanish gaming interest; (10) violated internal codes of conduct; and (11) "[e]nhanced the [i]ndividual [d]efendants' positions as directors and/or officers of Sands while providing each of them with substantial compensation, power, and prestige." *Id.* at 3-5.

As relief, plaintiff requests: (1) the appointment of a conservator; (2) the appointment of a chief compliance officer to oversee regulatory compliance; (3) a finding that the 2013 and 2014 proxy statements are "false and misleading"—and thus violate the board of directors' duty of candor—; (4) a declaration that defendant board members "have breached their fiduciary duties and wasted Sands' assets"; (5) an order for defendant board members to pay damages to Sands; (6) a declaration "that PWC has breached the terms of its engagements by Sands"; (7) a declaration "that PWC has negligently performed its audits of the [c]ompany's year-end financial statements"; (8) an order for defendants to disgorge unjust earnings; (9) an order for Sands "to take all necessary actions to reform and improve its corporate governance, compliance and internal control procedures"; (10) an award for restitution from defendants; (11) an award of exemplary damages from the defendants to Sands; (12) "reasonable attorneys' fees, expert fees and other reasonable costs and expenses"; and (13) any additional warranted relief. *Id.* at 79-80.

**II.    Legal standard**

*A. Rule 12(b)(6) - motion to dismiss for failure to state a claim*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

James C. Mahan
U.S. District Judge

1   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

B. Rule 23.1 – shareholder derivative claim

Derivative litigation is born of equitable principles. *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983). This breed of litigation is to protect the value of a stockholder's shares through "obtaining a recovery for [a] corporation." *See id.*

James C. Mahan
U.S. District Judge

- 4 -

Federal Rule of Civil Procedure 23.1 governs derivative litigation and states "[t]he complaint must . . . allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law." Fed. R. Civ. P.23.1(b)(1).

Courts interpret Rule 23.1 to "require that a derivative plaintiff be a shareholder at the time of the alleged wrongful acts and that the plaintiff retain ownership of the stock for the duration of the lawsuit." *Lewis*, 719 F.2d at 1047; *see Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010). "Rule 23.1's continuous share ownership requirement is procedural in nature and thus applicable in diversity actions." *Kona Enter., Inc. v. Estate of Bishop*, 179 F.3d 767, 769 (9th Cir. 1999).

If a plaintiff does not possess company shares at the time of suit, that plaintiff cannot benefit for suing on that company's behalf. *Lewis*, 719 F.2d at 1047. "Strict compliance with Rule 23.1" is required "before a derivative suit can wrest control of an issue from a board of directors." *See Potter v. Hughes*, 546 F.3d 1051, 1058 (9th Cir. 2008). Otherwise, the primacy of a board of directors' authority is "the general rule of American law. . . ." *See id.* Thus, to satisfy principles of equity, a plaintiff must fulfill the continuous ownership requirement of Rule 23.1. *See Lewis*, 719 F.2d at 1047.

**III.   Discussion**

Derivative shareholder actions are exceptional because "derivative actions brought by minority stockholders could, if unconstrained, undermine the basic principle of corporate governance that the decisions of a corporation . . . should be made by the board of directors or the majority of shareholders." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 530 (1984).

"Because the shareholders' ability to institute an action on behalf of the corporation inherently impinges upon the directors' power to manage the affairs of the corporation, the law imposes certain requirements on a stockholder's right to sue derivatively." *Spiegel v. Buntrock*, 571 A.2d 767, 772 (Del. 1990) (quoting *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 730 (Del. 1988)).

> [A] board of directors is entitled to a presumption that they can and should be allowed to manage the business affairs of a corporation . . . . [T]he balance of

**James C. Mahan**
**U.S. District Judge**

- 5 -

> power between derivative plaintiffs and the corporation (or its directors) in a derivative action is purposefully asymmetric, and the pleading standards more exacting, because of this presumption and the fact that a derivative plaintiff seeks to vindicate the corporation's interests, not just its own.

*In re Comput. Scis. Corp. Derivative Litig.*, 244 F.R.D. 580, 591 (C.D. Cal. 2007) (citing *Spiegel*, 244 F.R.D. at 772-73).

Rule 23.1(b)(1) requires that plaintiff both "allege that [he] was a shareholder or member at the time of the transaction complained of" and that plaintiff has maintained uninterrupted ownership over the shares since that purchase. Accordingly, plaintiffs in derivative shareholder cases face a higher standard of pleading. *Lewis*, 719 F.2d at 1047; *see also In re Stratus Comput., Inc. Sec. Litig.*, No. Civ. A. 89-2075-Z, 1992 WL 73555, at *7 (D. Mass. Mar. 27, 1992) (equating rationale for Rule 9(b)'s particularity requirement with rationale for Rule 23.1 particularity requirement).

The amended complaint states: "[p]laintiff W.A. Sokolowski owns and has continuously owned since February 9, 2012, common stock of Sands during the period of wrongdoing alleged herein." (Doc. # 124 at 3). However, this sentence contradicts itself; plaintiff does not allege conduct that matches the inserted stock acquisition date. (Doc. # 124). Indeed, much of the alleged conduct in his amended complaint still occurred prior to February 9, 2012. (Doc. # 124, ¶¶ 15, 19-23, 30, 48-52, 58, 60-70). This conflicts directly with plaintiff's assertion that he has owned Sands stock "during the period of the wrongdoing alleged herein." (Doc. # 124 at 3). Consequently, plaintiff was not a shareholder for many of the "transaction[s]" he "complain[s] of."

Plaintiff asserts in a footnote that he discusses defendant's alleged wrongdoing from before his stock acquisition date only "for contextual purposes." (Doc. # 124 at 3 n.9). The court finds plaintiff's assertion unpersuasive. If plaintiff were to excise all pre-purchase conduct from his complaint, it would contain nothing except for the allegations about the 2013 and 2014 proxy statements. Plaintiff argues only the general failure of these proxy statements; he does not allege that they contain any affirmative but false statement of material fact. Therefore, plaintiff has made merely a cursory effort to correct the defect of his initial complaint, and plaintiff still does not have standing to assert the balance of his allegations.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1          Furthermore, plaintiff's decision to leave in all allegations that occurred before his stock purchase date renders his complaint discursive.  Plaintiff's complaint alleges acts that occurred pre-stock purchase as well as post-stock purchase, and oscillates back and forth between pre-purchase and post-purchase events.  Therefore, plaintiff's complaint fails to meet Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief" because it fails to focus on the board's wrongs that occurred after February 9, 2012.  Fed. R. Civ. P. 8(a)(2).

          Moreover, even if plaintiff had properly narrowed the focus of his complaint to post-purchase allegations, the substance of plaintiff's complaint is still comprised of legal conclusions.  Plaintiff fails to plead particular facts about which board members engaged in the acts alleged, where or when the board members committed the acts, or how the board members committed those acts.  Under Rule 23.1, plaintiff's allegations are too vague to give fair notice to the individual board members or to enable them to defend themselves effectively against a derivative action.

          Therefore, plaintiff has failed to properly tailor the wrongs he alleges to the ownership period after he was directed to do so by both Rule 23.1 and this court.  Plaintiff has also failed to plead his allegations of corporate wrongdoing in sufficient factual—not legal—detail.

          Defendants ask this court to dismiss plaintiff's claims with prejudice.  District courts have discretion to choose whether to dismiss claims with prejudice.  This court declines to do so.  The court will dismiss plaintiff's claims without prejudice.

**IV. Conclusion**

          Accordingly,

          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motions to dismiss (doc. # 131, 135, 143) be GRANTED.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   IT IS FURTHER ORDERED that nominal defendant Sands' motion to dismiss (doc. #132)
2   is MOOT.
3   The clerk is ordered to close the case.
4   DATED June 19, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**