UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| W.A. SOKOLOWSKI, individually and on Behalf of LAS VEGAS SANDS CORP., <br><br> Plaintiff(s), <br><br> v. <br><br> SHELDON G. ADELSON, et al., <br><br> Defendant(s). | Case No. 2:14-CV-111 JCM (NJK) <br><br> ORDER |

Presently before the court is plaintiff W.A. Sokolowski's (hereinafter "plaintiff") motion for reconsideration. (Doc. # 186). Defendant Las Vegas Sands Corporation (hereinafter "Sands") filed a response, (doc. # 188), and plaintiff filed a reply, (doc. # 198).

**I.     Background**

Plaintiff filed a shareholder derivative suit against Sands and its board of directors on January, 3, 2014. (Doc. # 1). The defendants moved to dismiss on the grounds that plaintiff lacked standing under Rule 23.1's pleading standard because he failed to state the date on which he acquired stock in Sands. (Docs. # 14, 21). The court granted defendants' motion to dismiss, but gave plaintiff leave to amend his complaint to reflect his stock acquisition date. (Doc. # 119) Plaintiff filed an amended complaint on August 29, 2014. (Doc. # 124).

Plaintiff inserted his stock acquisition date into his amended complaint. However, plaintiff did not remove from his amended complaint the wrongs that defendants allegedly committed prior to his stock purchase. Plaintiff's remaining allegations were legal conclusions. Accordingly, plaintiff's complaint was not properly tailored under Rule 23.1, and this court dismissed plaintiff's claims without prejudice and closed the case. (Doc. # 184).

**James C. Mahan**
**U.S. District Judge**

On June 29, 2015, plaintiff filed the instant motion for reconsideration asking the court to re-open the case and allow plaintiff to file a second amended complaint. (Doc. # 186).

## II.     Legal standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

## III.    Discussion

Plaintiff does not meet the standard for this court to grant reconsideration. Plaintiff continues to assert the same arguments as he did in his prior filings. Plaintiff has presented no evidence to persuade the court that he can use a second amended complaint to correct the defects in his initial complaint or his first amended complaint. Furthermore, no higher court has made an intervening change in controlling law.

Plaintiff asserts one new argument; namely, that the court dismissed his claims without prejudice in order to offer him the option of filing a second amended complaint. "A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). Plaintiff maintains that the court did not issue a "judgment dismissing the action." (Doc. # 186 at 3).

Plaintiff attempts to re-open his case by characterizing this court's prior order as an action that "administratively closed" his case. (Doc. # 186 at 4). Plaintiff cites only a non-binding case to support his assertion. (Doc. # 186 at 4); *see Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st. Cir. 1999) (holding that re-opening an action is appropriate if a district court concludes

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  "that the administrative closing was improvident or if the circumstances that sparked the closing
2  abate").

3    The court did not grant plaintiff leave to amend his complaint a second time when it
4  dismissed his first amended complaint. Contrary to plaintiff's characterization of the court's
5  actions, (doc. # 186 at 3), the court entered a final judgment in this matter when it issued its June
6  19, 2015, order, and ordered the clerk to close the case. (Doc. # 184).

7    Accordingly,

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff W.A.
9  Sokolowski's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (doc.
10 # 186) be, and the same hereby is, DENIED.

11   DATED July 30, 2015.

12 
13          _____
         UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**