UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| W.A. SOKOLOWSKI, individually and on Behalf of LAS VEGAS SANDS CORP., <br><br> Plaintiff(s), <br><br> v. <br><br> SHELDON G. ADELSON, et al., <br><br> Defendant(s). | Case No. 2:14-CV-111 JCM (NJK) <br><br> ORDER |

Presently before the court is nominal defendant Las Vegas Sands Corp.'s [1] ("LVS") motion for sanctions for violation of Federal Rule of Civil Procedure ("FRCP") 11(b).[2] (Doc. # 189). Plaintiff W.A. Sokolowski filed a response in opposition to the motion. (Doc. # 204). LVS filed a reply to that opposition.[3] (Doc. # 205).

**I.   Background**

This is a shareholder derivative lawsuit arising under federal securities law and the laws of the State of Nevada. Since February 9, 2012, Mr. Sokolowski has been a shareholder of LVS, a publicly traded company incorporated in Nevada with its principal executive offices in Las Vegas, Nevada. The individual defendants that join LVS in the motion before the court (the "director

---

[1] Individual defendant Sheldon G. Adelson joins LVS' motion for determination of Rule 11 compliance. (Doc. # 192). Individual defendants Jason N. Ader, Irwin Chafetz, Victor Chaltiel (deceased), Charles D. Forman, Charles A. Koppelman, Michael A. Leven, Irwin A. Siegel, and George P. Koo also join in LVS' motion. (Doc. # 194).

[2] Defendant styles its motion as a "motion for determination of Rule 11 compliance." Defendant's motion, however, requests that the court impose sanctions on plaintiff's attorneys for their alleged violations of Rule 11. The court will therefore call the motion a 'motion for sanctions.' It will be referred to that way throughout the order.

[3] The same individual defendants named *supra* in footnote 1 join LVS' reply to plaintiff's response to the motion for Rule 11 compliance. (*See* doc. ## 206, 207; *supra* note 2).

**James C. Mahan**
**U.S. District Judge**

defendants") were each members of LVS' board of directors during some or all of the period of alleged wrongdoing described in plaintiff's original and amended complaints. The claims that support plaintiff's action are either derivative in nature or stem from his status as a shareholder of LVS.

LVS and the director defendants seek sanctions under 15 U.S.C. § 78u–4(c). Section 78u–4(c) requires the court to determine parties' compliance with Rule 11(b) in all private actions arising under The Securities Exchange Act of 1934 (the "Exchange Act"). *See* 15 U.S.C. § 78u–4(c)(1). It also establishes a framework for imposing sanctions for failure to comply with Rule 11(b). *See* 15 U.S.C. § 78u–4(c)(2)–(3).

Mr. Sokolowski filed the original complaint in this matter on January 23, 2014, alleging six claims of action against the director defendants. (*See* doc. # 1). Two claims in the complaint, one direct and one derivative, alleged material misstatements and omissions in proxy statements ("proxies") submitted to LVS shareholders and the Securities and Exchange Commission (the "SEC"). (*Id.* at 72–75). Those claims were asserted under section 14(a) of the Exchange Act.[4] (*Id.*) The complaint alleged four supplemental state law claims against the directors: breach of fiduciary duty/corporate waste; unjust enrichment; breach of fiduciary duty of candor; and breach of duty of loyalty. (*Id.* at 75–77).

In an order dated July 30, 2014, the court dismissed plaintiff's original complaint for failure to plead derivative shareholder standing with the specificity required by Rule 23.1 and Ninth Circuit law. (*See* doc. # 119). Specifically, the court found that "[p]laintiff neither explicitly indicates the stock purchase date nor specifically states that he owned shares in [LVS] during the entirety of the conduct contained of in the complaint." (*Id.* at 4). Accordingly, the court granted defendants' motions to dismiss the complaint and allowed the plaintiff thirty days to file an amended complaint. (*Id.* at 5). The court instructed plaintiff that "additional factual allegations demonstrating continuity of ownership from the time of the alleged wrongdoing to the present litigation are required here to fulfill Rule 23.1's standing requirements for derivative litigation."(*Id.*)

---

[4] The claims were asserted under section 14(a) of the Exchange Act and SEC Rule 14a–9, codified at 15 U.S.C. § 78n(a) and 17 U.S.C. § 240.14a–9 respectively.

**James C. Mahan**
**U.S. District Judge**

- 2 -

On August 29, 2014, Mr. Sokolowski filed an amended complaint. (Doc. # 124). Defendants filed motions to dismiss, arguing that plaintiff conceded that he did not own shares prior to February 9, 2012, yet still asserted claims based on conduct by the director defendants that occurred prior to that date. (Doc. ## 131, 132, 135, and 143). Plaintiff argued that its amended complaint specifically stated that it was not pursuing claims for conduct that occurred before the stock purchase, but retained allegations related to pre-purchase director conduct from the original complaint only as context for the allegations of post-purchase conduct. (Doc. ## 151, 152, and 153). Further, Mr. Sokolowski asserted that his amended complaint contained additional, particularized allegations of post-purchase conduct supporting each of his claims against the director defendants. (*Id.*)

On June 19, 2015, the court issued an order granting defendants' motions to dismiss the amended complaint. (Doc. # 184). The court found that contrary to Mr. Sokolowski's arguments in his opposition to defendants' motions to dismiss, plaintiff's amended complaint contained factual allegations that, for the most part, accused the director defendants of pre-purchase misconduct. (Doc. # 184 at 6). The court also found that the amended complaint failed to meet the "short and plain statement" requirement of Rule 8, due in large part to the inclusion of both pre-purchase and post-purchase allegations of wrongdoing. *See* FED .R. CIV. P. 8(a)(2); (*id.* at 7).

Finally, the court found that plaintiffs' infrequent, but not non-existent, allegations of post-purchase wrongdoing were conclusory in nature:

> Moreover, even if plaintiff had properly narrowed the focus of his complaint to post purchase allegations, the substance of plaintiff's complaint is still comprised of legal conclusions. Plaintiff fails to plead particular facts about which board members engaged in the acts alleged, where or when the board members committed the acts, or how the board members committed those acts. Under Rule 23.1, plaintiff's allegations are too vague to give fair notice to the individual board members or to enable them to defend themselves effectively against a derivative action.

(Doc. # 184 at 7). The amended complaint therefore failed to allege sufficient particularized factual allegations of post-purchase wrongdoing to establish derivative standing under Rule 23.1. (*Id.* at 6–7).

Defendants argue now that the amended complaint and the claims within it lack a legal basis, particularly in light of the court's July 30, 2014 order. (*See* doc. # 189). They contend that it was therefore signed, filed, and defended in violation of Rule 11(b)(2), which requires that all claims, defenses, and other legal contentions included in any pleading, motion, or other paper are warranted by existing law or a non-frivolous argument for extending, modifying, or reversing

**James C. Mahan**
**U.S. District Judge**

- 3 -

existing law or for establishing new law. FED. R. CIV. P. 11(b)(2); (*id.*) Defendants assert that, under section 78u–4(c), they are entitled to attorney's fees and reasonable costs for the alleged violation of Rule 11(b).

## II.   Legal Standard

### A.   Rule 11 generally

By filing a pleading with the court, an attorney:

> certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Business Guides Inc. v. Chromatic Comm'ns Enterps., Inc.*, 498 U.S. 533, 542-43 (1991).

The Ninth Circuit applies an objective test to determine whether Rule 11 has been violated; a violation of the Rule does not require subjective bad faith. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (construing bankruptcy court equivalent to Rule 11); *Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1167-68 (N.D. Cal. 2013) (applying *Yagman*'s objective test to determine if defendants violated Rule 11).

The identity of the person(s) subject to sanctions depends on the nature of the Rule 11(b) violation. For a violation of Rule 11(b)(2), as distinguished from Rule 11(b)(3), sanctions must be imposed on the offending party's attorney, not the party itself. *Chien v. Skystar Bio Pharmaceutical Co.*, 256 F.R.D. 67, 72 (D. Conn. 2009) (citing Rule 11(c)(5)(A) for proposition that "[s]anctions for the legal insufficiency or frivolousness of the complaint must run against the attorney alone.").

**James C. Mahan**
**U.S. District Judge**

- 4 -

*B.     Rule 11 sanctions for actions arising under the Exchange Act*

Section 78u–4(c)[5] requires a District Court to make findings regarding whether the parties and counsel complied with Rule 11(b) in an action arising under the Exchange Act:

> In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C. § 78u–4(c)(1).

Subsection (2) of section 78u–4(c) requires a District Court to award Rule 11 sanctions if it finds there has been a Rule 11(b) violation. It states, in pertinent part:

> If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(c)(2). Taken together, in an Exchange Act case, subsections (1) and (2) remove the discretion District Courts may have in the usual case to decide whether or not to assess whether Rule 11 sanctions should be imposed. Instead, the court is required to make Rule 11(b) findings and to impose Rule 11 sanctions if there has been a violation. *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166-67 (2d Cir. 1999).

"Rule 11 should not impose the risk of sanctions in the event that the court later decides that the lawyer was wrong." *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 810 (9th Cir. 1987) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986)). "The mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.,* 171 F.3d 52, 58 (1st Cir. 1999); *see also Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (overturning imposition of Rule 11 sanctions on a dismissed securities fraud claim); *Kalnit v. Eichler*, 99 F. Supp. 2d 327 (S.D.N.Y. 2000) (dismissal for failure to meet heightened pleading standards does not, on its own, establish frivolity under Rule 11(b)(2)).

. . .

---

[5] Section 78u–4(c) is colloquially referred to as section 21D(c), as it is designated in the Private Securities Litigation Reform Act of 1995. It is codified, however, at section 78u–4(c) of Title 15 of the United States Code. To avoid confusion, the court refers to the statute as section 78u–4(c) throughout the order.

James C. Mahan
U.S. District Judge

- 5 -

### III. Discussion

#### A. The parties' arguments

Defendants argue that plaintiff's attorneys violated Rule 11(b)(2) by submitting and defending a first amended complaint with no legal basis. They contend that the attorneys submitted an amended complaint challenging pre-purchase director conduct even though they were aware that, as a matter of law, plaintiff had no standing to allege such a claim. Further, they argue that submitting a complaint charging such conduct violates the court's July 30, 2014, order, which explained that there was no legal basis for claims alleging wrongdoing before plaintiff's purchase of LVS stock and instructed plaintiff that any amended complaint should contain additional factual allegations related to conduct after the plaintiff's stock purchase. (Doc. # 119).

Plaintiff's counsel argues first that plaintiff's standing to submit section 14(a) claims has never been disputed. Those claims allege misstatements and omissions in proxy statements issued in 2013 and 2014 only, after Mr. Sokolowski purchased LVS shares on February 9, 2012. Counsel argues that those claims were dismissed for their lack of particularized allegations, and not any standing issue.

Further, the attorneys argue that the supplemental state law claims included in the amended complaint are based on the following post-purchase factual allegations: "(1) the [board of directors'] refusal to rectify the [Foreign Corrupt Practices Act] violations, acknowledged by [LVS] in 2013 and 2014; (2) the [board of directors'] refusal in 2014 to publicize the [Foreign Corrupt Practices Act] violations and management's determinations as to the material effect of these violations on [LVS'] financial statements; and (3) the [board of directors'] waste of corporate assets by having the [a]udit [c]ommittee conduct a sham investigation, which concluded in 2014." (Doc. # 204 at 16–17 (citing doc. # 124 at ¶¶ 99–100, 187–88, 192–193)).

Defendants argue that regardless of any new allegations about post-purchase conduct, plaintiff's failure to remove the allegations of pre-purchase conduct indicate that plaintiff attempted to re-assert claims for relief for which he had no standing. Further, they suggest that plaintiff's counsel knew he had no standing to pursue those claims, and that, therefore, his attorneys submitted a pleading for which no legal basis existed. In response, plaintiff points to several statements in the amended complaint that indicate plaintiff alleges claims solely for conduct that occurred after he became an LVS shareholder. (*See* doc. # 124, ¶¶ 5 and 138).

B.   *Analysis*

Defendants rely heavily on the court's findings in its second dismissal order, dated June 19, 2015, for the contention that the amended complaint is little more than a restatement of the same allegations in the original complaint. They argue that the court dismissed as pretext any argument about the inclusion of pre-purchase conduct for contextual reasons and found that plaintiff had re-asserted the same claims for which it lacked standing in its original complaint in the amended complaint.

Defendants mistake the spirt of that order, however. While the court found that "much of the alleged conduct in [plaintiff's] amended complaint still occurred prior to [the purchase date]," it also found that it contained allegations of post-purchase conduct that were not contained in the original complaint. (Doc. # 184 at 6). Ultimately, the complaint was dismissed for its failure to make *particularized* allegations about conduct that occurred after Sokolowski became a shareholder that would support claims for which he had standing—not because the plaintiff lacked standing to bring any of its claims at all.

First, the order discusses the factual shortcomings of the claims based on the 2013 and 2014 proxy statements, which were issued after the stock purchase. The court found that plaintiff only made general allegations about LVS' failure to disclose material information in the proxies, failing to allege any affirmative but false statements of material fact. (*Id.* at 6). The court also found that "[p]laintiff's complaint alleges acts that occurred pre-stock purchase as well as post-stock purchase, and oscillates back and forth between [those] events." (*Id.* at 7). The court found that the inclusion of both types of allegations without any coherent organization violated Rule 8.

The court went on to find that the post-purchase allegations were conclusory. (*Id.*) Specifically, plaintiff failed "to plead particular facts about which board members engaged in the acts alleged, where or when the board members committed the acts, or how the board members committed those acts." (*Id.*) Ultimately, plaintiff's allegations were simply too vague to give fair notice to the director defendants under the Rules. (*Id.*)

Thus the court found that plaintiff's amended complaint *did* attempt to set forth new factual allegations demonstrating continuity of ownership from the time of *some* of the factual allegations to initiation of the present litigation, in compliance with this court's July 30, 2014, order. The court found, however, that those allegations were conclusory in nature and failed to state a claim for relief with the particularity required by Rule 12(b)(6) in a derivative action.

James C. Mahan
U.S. District Judge

- 7 -

Moreover, regardless of the court's findings with respect to plaintiff's claim that the pre-purchase conduct was provided for context, the amended complaint makes clear in several places that it is bringing claims only for post-purchase conduct. For instance, at page two of the complaint, plaintiff states: "[a]lthough, as described herein, substantial wrongdoing by the [i]ndividual [d]efendants took place prior to [p]laintiff's purchase and ownership of [LVS] common stock, he only alleges claims herein for their wrongdoing which occurred subsequent to February 9, 2012." (Doc. # 124 at ¶ 5, ¶138).

Defendants invite the court to construe some of the language in the amended complaint as plaintiff's attempts to bring claims for conduct that occurred before the stock purchase, despite the clear and explicit statement to the contrary that plaintiff makes at the outset of the complaint. The court declines to do so. Plaintiff's decision to include the pre-purchase allegations "for context" did not cure the deficiencies of the factual allegations that supposedly formed the basis for post-purchase claims, but it did not somehow make those pre-purchase allegations improper claims for relief either. Had plaintiff pled its post-purchase claims with the particularity required for those claims to proceed, the court finds that the pre-purchase facts would have been necessary to make sense of the post-conduct allegations. This is because the *post-purchase* allegations consisted largely of the director defendants' alleged failure to properly disclose the *pre-purchase* conduct to shareholders such as Sokolowski.

The persuasive authority defendants cite for the proposition that plaintiff's amended complaint rises to a level of deficiency that justifies Rule 11 sanctions are not analogous to the case here.[6] In *Super Pawn Jewelry & Loan, LLC v. American Environmental Energy, Inc.*, the court found a Rule 11(b)(2) violation after plaintiff submitted an amended complaint that was copied *literally verbatim* from the previously dismissed complaint. *See* 2014 WL 4435454, 4–6 (N.D. Ill. Spet. 9, 2014).

Similarly, in *Chien v. Skystar Bio Pharmaceutical Co.,* the court warned plaintiff that its original complaint was defective and dismissed it because plaintiff himself contradicted the reliance element of his claim in postings on the internet. *See* 256 F.R.D. 67, 69–70 (D. Conn. 2009). Mr. Chien nevertheless filed a complaint that was "basically identical" to the original

---

[6] None of the cases cited by plaintiff or defendants discussing Rule 11 sanctions in the specific context of securities litigation are Ninth Circuit cases or are otherwise binding authority on this court.

complaint, and the court found he violated Rule 11(b). *Id.* at 73. In *Polar Int'l Brokerage Corp. v. Reeve*, the amended complaint included allegations that were "identically flawed" to those in the original complaint. *See* 196 F.R.D. 13, 17 (S.D.N.Y. 2000).

*Burekovitch v. Hertz* involved a claim that was barred entirely by federal legislation. *See* 2001 WL 984942 (E.D.N.Y. July 24, 2001). The plaintiffs in *City of Livonia Employees' Retirement Sys. V. Boeing Co.*, relied, in their amended complaint, on a source of factual allegations who the court had already found to be unreliable and who had indicated that he no longer wished to cooperate with the plaintiffs. *See* 306 F.R.D. 175, 181–82 (N.D. Ill. 2014).

Here, the amended complaint is not copied *literally verbatim* from the original complaint—its length alone is demonstrative of that fact. *Cf. Super Pawn Jewelry*, 2014 WL 4435454 at 6; (*Compare* doc. # 1 *with* doc. # 124). Similarly, the amended complaint is not "basically identical" to the original complaint, and the allegations in it are not "identically flawed." *Cf. Chien* at 73; *Polar Int'l* at 108. The claims here are not barred by a federal statute, and there are no allegations that plaintiff relied on false factual information in drafting the complaint. *Cf. City of Livonia* at 181–82; *Burekovitch* at *3.

Defendants mistake the court's dismissal of the amended complaint on the same grounds as it dismissed the original complaint for the court dismissing the complaint for being identical or basically identical to the original complaint. Plaintiff made a good faith attempt to fix the deficiencies in his complaint by adding additional factual allegations, even if the court found that those additional allegations were not particularized enough to meet pleading standards. (*See* doc. # 184). (*Compare* doc. # 1 *with* doc. # 124).

Plaintiff's failure to meet heightened pleading standards with respect to new allegations of post-purchase conduct is not sufficient to establish violation of Rule 11(b)(2). *See Kalnit v. Eichler*, 99 F. Supp. 2d at 327; *Hurd v. Ralphs Grocery Co.*, 824 F.2d at 810. The court therefore finds that the claims and other legal contentions in plaintiff's amended complaint are warranted by existing law—they are simply not detailed enough to meet the heightened pleading standard in derivative actions. Plaintiff's counsel did not violate Rule 11(b)(2) by filing the amended complaint.

Defendants do not argue that plaintiff's counsel violated subsections (b)(1), (b)(3), or (b)(4) of Rule 11. Section 78u-4(c) nevertheless requires the court to make findings regarding "compliance by each party and each attorney representing any party with *each* requirement of Rule 11(b). Having reviewed the extensive record in the matter, the court finds that all parties and their

**James C. Mahan**
**U.S. District Judge**

- 9 -

counsel have complied with the requirements of each subsection of Rule 11(b). The parties' representations to the court have been presented for proper purposes; were warranted by existing law or nonfrivolous arguments for extending existing law or establishing new law; and were either supported by evidence or made on information and belief. *See* FED. R. CIV. P. 11(b)(1)–(4).

Having found that plaintiff did not violate Rule 11(b), defendants' motion for sanctions will be denied.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that nominal defendant Las Vegas Sand Corp.'s motion for sanctions (doc. # 189) be, and the same hereby is, DENIED.

DATED January 27, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 10 -